UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**CARLOS GONZALEZ,**
**ANGEL L. MORALES,** and
**ESTEBAN MOREJON,**

    Plaintiffs,

v.

**MOVING SQUAD, INC.,**
**AMERICAN VAN LINES, INC.,**
**RELO WORLD, INC.,** and
**ALDO DISORBO,**

    Defendants.

## COMPLAINT

    COMES NOW, the Plaintiffs, CARLOS GONZALEZ, ANGEL L. MORALES, and ESTEBAN MOREJON (hereinafter as "Plaintiffs"), on behalf of themselves and those similarly situated, by and through the undersigned counsel and hereby brings this action against Defendants, MOVING SQUAD, INC. (hereinafter referred to as "MOVING SQUAD"), AMERICAN VAN LINES, INC. (hereinafter referred to as "AMERICAN VAN LINES"), RELO WORLD, INC. (hereinafter as "RELO WORLD") and ALDO DISORBO, individually (collectively as "Defendants"), for violations under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA") and under section 448.110 of the Florida Statutes. Plaintiffs seek unpaid wages, liquidated damages or pre-judgment interest, post-judgment interest, reasonable attorney's fee and costs from Defendants. Plaintiff also requests the Court to authorize concurrent notice to all persons who were formerly employed by Defendants or who were so employed during the Liability Period, informing them of the pendency of this action and

their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION

1.  This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* The Court has jurisdiction over this claim pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

2.  Venue is proper in the United States District Court for the Southern District of Florida as the unlawful practices alleged herein took place in Broward County, Florida, and the Defendant is a Florida corporation who transacts business in Broward County, Florida, and the transaction that is the basis of Plaintiffs' Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

3.  Plaintiff, CARLOS GONZALEZ, is an individual residing in the County of Miami-Dade, State of Florida. Plaintiff became employed and hired by Defendants on or about June 16, 2011, and worked for Defendant as a "Truck Driver".

4.  At all times material, Plaintiff, CARLOS GONZALEZ, was an employee of Defendants within the meaning of the FLSA.

5.  Plaintiff, ANGEL L. MORALES, is an individual residing in the County of Broward, State of Florida. Plaintiff became employed and hired by Defendants on or about October 2011, and worked for Defendant as a "Truck Driver".

6.  At all times material, Plaintiff, ANGEL L. MORALES, was an employee of Defendants

within the meaning of the FLSA.

7. Plaintiff, ESTEBAN MOREJON, is an individual residing in the County of Collier, State of Florida. Plaintiff became employed and hired by Defendants on or about July, 2011, and worked for Defendant as a "Truck Driver".

8. At all times material, Plaintiff, ESTEBAN MOREJON, was an employee of Defendants within the meaning of the FLSA.

9. The Defendant, MOVING SQUAD, is a corporation formed and existing under the laws of the State of Florida and at all times during Plaintiff's employment, Defendant was an employer as defined by 29 U.S.C. §203(d).

10. The Defendant, AMERICAN VAN LINES, is a corporation formed and existing under the laws of the State of Florida and at all times during Plaintiff's employment, Defendant was an employer as defined by 29 U.S.C. §203(d).

11. The Defendant, RELO WORLD, is a corporation formed and existing under the laws of the State of Florida and at all times during Plaintiff's employment, Defendant was an employer as defined by 29 U.S.C. §203(d).

12. At all times relevant, the Defendant, ALDO DISORBO, was an individual resident of the State of Florida, who owned and operated MOVING SQUAD, AMERICAN VAN LINES, and RELO WORLD, where Plaintiff was employed. Defendant ALDO DISORBO acted and acts directly in the interests of MOVING SQUAD, AMERICAN VAN LINES, and RELO WORLD in relation to its employees, and thus, Defendant ALDO DISORBO was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

13. Plaintiff was an employee of Defendants and at all time relevant to the violations of the FLSA were engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

14. Throughout Plaintiff's employment with Defendants, Defendants were an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(r) and 203(s).

15. At all times material, Defendants employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendants having annual gross volume of sales or business done of not less than $500,000 within the meaning of Sections 203(r) and (s) of the FLSA.

16. At all times material, Plaintiff regularly was engaged in commerce or the production of goods for commerce.

17. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiffs, are in the possession and custody of Defendants.

## COUNT I
## FEDERAL MINIMUM WAGE

18. Plaintiff, CARLOS GONZALEZ, realleges and incorporates herein the allegations contained in paragraphs 1-17.

19. The Defendants willfully violated Section 6 and Section 15 of the Fair Labor Standards Act by failing to compensate the Plaintiff at a rate equal to the federal minimum wage requirement for work performed while employed by Defendants.

WHEREFORE, Plaintiff, CARLOS GONZALEZ, demands judgment against the Defendants, jointly and severally, for the following:

    (a)    Unpaid minimum wages found to be due and owing;

    (b)      An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

    (c)      Prejudgment interest in the event liquidated damages are not awarded;

    (d)      A reasonable attorney's fee and costs; and

    (e)      Such other relief as the Court deems just and equitable.

## COUNT II
## RECOVERY OF UNPAID WAGES UNDER FLA. STAT. §448.110

20. Plaintiff, CARLOS GONZALEZ, realleges and incorporates herein the allegations contained in paragraphs 1-17.

21. The Defendants willfully violated Section 448.110 of the Florida Statutes, by failing to pay Plaintiff for hours worked.

22. Plaintiff has been damaged as a result of Defendants' failure to pay the agreed upon compensation to which Plaintiff was entitled.

23. Pursuant to Florida Statutes, Section 448.08, Plaintiff is entitled to the costs of this action and reasonable attorney's fees.

    WHEREFORE, Plaintiff, CARLOS GONZALEZ, demands judgment against the Defendants, jointly and severally, for the following:

    (a)      Unpaid wages found to be due and owing;

    (b)      Prejudgment interest in the event liquidated damages are not awarded;

    (c)      A reasonable attorney's fee and costs; and

    (d)      Such other relief as the Court deems just and equitable.

## COUNT III
## FEDERAL MINIMUM WAGE

24. Plaintiff, ANGEL L. MORALES, realleges and incorporates herein the allegations contained in paragraphs 1-17.

25. The Defendants willfully violated Section 6 and Section 15 of the Fair Labor Standards Act by failing to compensate the Plaintiff at a rate equal to the federal minimum wage requirement for work performed while employed by Defendants.

WHEREFORE, Plaintiff, ANGEL L. MORALES, demands judgment against the Defendants, jointly and severally, for the following:

    (a)    Unpaid minimum wages found to be due and owing;

    (b)    An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

    (c)    Prejudgment interest in the event liquidated damages are not awarded;

    (d)    A reasonable attorney's fee and costs; and

    (e)    Such other relief as the Court deems just and equitable.

## COUNT IV
## RECOVERY OF UNPAID WAGES UNDER FLA. STAT. §448.110

26. Plaintiff, ANGEL L. MORALES, realleges and incorporates herein the allegations contained in paragraphs 1-17.

27. The Defendants willfully violated Section 448.110 of the Florida Statutes, by failing to pay Plaintiff for hours worked.

28. Plaintiff has been damaged as a result of Defendants' failure to pay the agreed upon compensation to which Plaintiff was entitled.

29. Pursuant to Florida Statutes, Section 448.08, Plaintiff is entitled to the costs of this action

and reasonable attorney's fees.

WHEREFORE, Plaintiff, ANGEL L. MORALES, demands judgment against the Defendants, jointly and severally, for the following:

(a) Unpaid wages found to be due and owing;

(b) Prejudgment interest in the event liquidated damages are not awarded;

(c) A reasonable attorney's fee and costs; and

(d) Such other relief as the Court deems just and equitable.

## COUNT V
## FEDERAL MINIMUM WAGE

30. Plaintiff, ESTEBAN MOREJON, realleges and incorporates herein the allegations contained in paragraphs 1-17.

31. The Defendants willfully violated Section 6 and Section 15 of the Fair Labor Standards Act by failing to compensate the Plaintiff at a rate equal to the federal minimum wage requirement for work performed while employed by Defendants.

WHEREFORE, Plaintiff, ESTEBAN MOREJON, demands judgment against the Defendants, jointly and severally, for the following:

(a) Unpaid minimum wages found to be due and owing;

(b) An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and

(e) Such other relief as the Court deems just and equitable.

## COUNT VI
## RECOVERY OF UNPAID WAGES UNDER FLA. STAT. §448.110

32. Plaintiff, ESTEBAN MOREJON, realleges and incorporates herein the allegations contained in paragraphs 1-17.

33. The Defendants willfully violated Section 448.110 of the Florida Statutes, by failing to pay Plaintiff for hours worked.

34. Plaintiff has been damaged as a result of Defendants' failure to pay the agreed upon compensation to which Plaintiff was entitled.

35. Pursuant to Florida Statutes, Section 448.08, Plaintiff is entitled to the costs of this action and reasonable attorney's fees.

WHEREFORE, Plaintiff, ESTEBAN MOREJON, demands judgment against the Defendants, jointly and severally, for the following:

(a) Unpaid wages found to be due and owing;

(b) Prejudgment interest in the event liquidated damages are not awarded;

(c) A reasonable attorney's fee and costs; and

(d) Such other relief as the Court deems just and equitable.

## COUNT VII
## DECLARATORY RELIEF

36. Plaintiffs, CARLOS GONZALEZ, ANGEL L. MORALES, and ESTEBAN MOREJON respectfully seeks the issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants actions as described in the Complaint as

unlawful and in violation of FLSA and applicable regulations and are and were willful as defined in FLSA.

## DEMAND FOR JURY TRIAL

37. Plaintiffs demands a jury trial on all issues so triable.

DATED:  December 26, 2011

          MILITZOK & LEVY, P.A.
          *Attorneys for Plaintiffs*
          The Yankee Clipper Law Center
          3230 Stirling Road, Suite 1
          Hollywood, Florida 33021
          (954) 727-8570 - Telephone
          (954) 241-6857 – Facsimile
          bjm@mllawfl.com

          By: /s/ Brian Militzok
          BRIAN J. MILITZOK, ESQ
          Fla. Bar No.: 0069993